U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 06-01961

ORDER ON MOTION TO EXTEND THE AUTOMATIC STAY

The relief set forth on the following pages, for a total of 11 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**06/27/2006**



US Bankruptcy Court Judge
District of South Carolina

Entered: 06/28/2006

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Arthur Thomas,<br><br>Debtor. | C/A No. 06-01961-DD<br><br>Chapter 13<br><br>**ORDER** |

This matter is before the Court on Arthur Thomas' ("Debtor") Motion to Extend Stay ("Motion") pursuant to 11 U.S.C. §362(c)(3)(B) as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").[1] The Motion and Notice of Hearing on the Motion were served on all creditors, but none filed an objection. The Chapter 13 Trustee filed a response to the Motion.

I previously extended the stay in this case by entry of a short order and take this opportunity to discuss the issue more expansively. Among the provisions altered or added by the enactment of BAPCPA, § 362 has produced a large number of issues for judicial interpretation. The addition of § 362(c)(3) is relevant to the present Motion, and it has been interpreted in numerous bankruptcy court opinions. This provision was part of a multi-pronged effort by the legislature to combat abuse of the bankruptcy system. One way in which Congress chose to accomplish this objective is by the implementation of the automatic termination of the stay pursuant to § 362(c)(3)(A) which states,

> (c)Except as provided in subsections (d), (e), (f), and (h) of this section—
> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) --
>     (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case.

---

[1] Hereinafter internal references to the Bankruptcy Code (11 U.S.C. § 101 et. seq.), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, shall be made by section number only.

This subsection automatically terminates the § 362(a) stay on the thirtieth (30th) day after the filing of a petition if the debtor (1) had a previous case under chapters 7,11, or 13, (2) pending within the preceding 1-year period, and (3) the case was dismissed.[2]  If a party wishes to extend the stay beyond 30 days the statute authorizes such an extension if the conditions of § 362(c)(3)(B) are met.  It states,

> …on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed.

11 U.S.C.S. § 362(c)(3)(B).

This section imposes four requirements for an extension of the stay: (1) a motion is filed by a party in interest (2) with notice and a hearing; (3) the hearing is completed before the expiration of the 30-day period; and (4) the debtor proves that the filing of the new case "is in good faith as to the creditors to be stayed. *See* In re Ball, 336 B.R. 268, 273 (Bankr. D.N.C. 2006).

An initial issue is the standard of proof to be applied in the two alternative situations debtors face in connection with the looming termination of stay.  One is where a presumption of bad faith[3] applies in accordance with § 362(c)(3)(C).  In this first instance the legislature conditions the extension of the stay to those instances in which the Movant rebuts the presumption by clear and convincing evidence.  11 U.S.C. § 362(c)(3)(C).  If no presumption applies then the standard of proof is the lesser standard

---

[2] Dismissal of the case is the relative measuring event and not the date the case is administratively closed. *See* In re Franklin, C/A No. 06-01730-HB, slip op. (Bankr. D.S.C. June 12, 2006); *See also* In re Moore, 337 B.R. 79 (E.D.N.C. 2005).

[3] The statute provides, "…presumptively filed with lack of good faith," and does not use the term "bad faith."  However, without assigning specific intent to the debtor, for simplicity, the Court will use the terms "presumption of bad faith," "bad faith presumption," or simply "bad faith" as synonyms for the above referenced statutory language of § 362(c)(3)(C).

of a preponderance of the evidence. (*See* In re Ball, 336 B.R. 268 (Bankr. D.N.C. 2006) "If the presumption does not arise, then the moving party must carry its burden under *Section 363(b)(3)(B)* by a preponderance of the evidence." *Citing* In re Galanis, 334 B.R. 685, 2005 Bankr. LEXIS 2392, No. 05-80038, 2005 WL 3454411, at *10 (Bankr. D. Utah Dec. 7, 2005)); (*See also* In re Mark, 336 B.R. 260 (Bankr. D. Md. 2006) "If no presumption arises against good faith, the moving party still carries the burden to demonstrate good faith. However, the language of the statute appears to suggest a lower threshold of evidence as the moving party would not have to overcome the burden of the bad faith presumption by "clear and convincing evidence."); (*See* Direx Israel, Ltd. V. Breakthrough Medical Corp., 952 F.2d 802 (4th Cir. 1992), for discussion of the three recognized standards of proof).

The existence of a presumption means that if the movant comes forward with no evidence, the motion to extend must be denied. *See* Fed. R. Evid. 301. In order to prevail the movant, given the heightened standard of proof, must do more than merely tip the scales in his favor. Indeed, for the presumption and standard of proof to have meaning the movant must produce evidence sufficient to tilt the balance decidedly in his favor.

The presumption of bad faith under § 362(c)(3)(C)(i) can arise as to all creditors in one of three ways. The first two (i.e., subsections (I) and (II)) are historical inquires while the third (i.e., subsection (III)) examines the present and future circumstances of the debtor. In re Mark, 336 B.R. 260 (Bankr. D. Md. 2006). Section 362(c)(3)(C)(i)(I) creates a presumption of bad faith when,

> (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

The presumption of bad faith arises if, in addition to the current case, two or more previous cases were pending within the previous year. Contrast this with § 362(c)(4),

3

which requires that "2 or more" pending cases be *dismissed* while subsection (I) requires only that there was "more than 1" case *pending* within the preceding year.

Section 362(c)(3)(C)(i)(II) gives rise to a presumption of bad faith if one of the enumerated failures occurred in the prior case. It states that a presumption arises when in,

> (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--
>
> > (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
> >
> > (bb) provide adequate protection as ordered by the court; or
> >
> > (cc) perform the terms of a plan confirmed by the court.

Subsection (II) imposes a presumption of bad faith if debtor's previous case was dismissed within the past year for failure to (1) file or amend the petition or other documents required by title 11 or the court, (2) provide adequate protection as ordered by the court, or (3) perform the terms of the confirmed plan in debtor's previous case. The early experience following enactment of BAPCPA, at least in this District, is that in the majority of cases where the presumption of bad faith arises, it does so under § 362(c)(3)(C)(i)(II). The reason for this is simple; the language of subsection (II) is extremely broad and snares many debtors with a prior filing.

Third, the bad faith presumption arises as to all creditors under subsection (III), if,

> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded--
>
> > (aa) if a case under chapter 7, with a discharge; or
> >
> > (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed.

4

This subsection is confusing in its use of the terms "next most previous case" and "the later case." The legislative history explains this subsection to stand for the proposition that a bad faith presumption arises if "there has been no substantial change in the debtor's financial or personal affairs since the dismissal of the prior case, or there is no reason to conclude that the pending case will conclude either with a discharge (if a chapter 7 case) or confirmation (if a chapter 11 or 13 case)". H.R. REP. 109-31(I) *Section 302* at *70.

The final inquiry into the absence of good faith comes from § 362(c)(3)(C)(ii), which imposes the presumption against a debtor when,

> (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor.

Unlike § 362(c)(3)(C)(i), subsection (ii) applies the bad faith presumption only as to a specific creditor, and only, if (1) the creditor was a creditor in the debtor's previous case, (2) the creditor filed a motion for relief from the stay pursuant to § 362(d), and (3) the motion was either (a) still pending when the case was dismissed or (b) the Court modified the stay for the creditor in any way. If a creditor filed a § 362(d) motion in debtor's previous case, the bad faith presumption would apply as to that particular creditor unless the Court denied the motion by finding in favor of the debtor.

Once it has been determined that any one of the subsections of § 362(c)(3)(C)(i) apply the inquiry need not continue further. For example, if it is established in a case that § 362(c)(3)(C)(i)(I) applies there would seldom be a need to evaluate the facts of the case under § 362(c)(3)(C)(i)(II), (III), or (ii), because the presumption has arisen as to all creditors. The conduct giving rise to the presumption may, however, be relevant in the Court's weighing of the totality of circumstances.

5

Once the Court determines the absence or existence of any presumption and determines the burden of proof, the question of the relevant factors used to evaluate the debtor's "good faith" in filing the present case arises. Since the legislature gives no definition or other form of guidance, the courts of other districts have looked to case law defining "good faith" in other context under Title 11. In *In re Mark* the Court discusses the lack of guidance by stating,

> It is well settled that in the absence of a legislative definition of a particular term, that the term will be ascribed the common meaning that has arisen through judicial interpretation over time. In *Costar Group, Inc. v. Loopnet, Inc., 373 F.3d 544 (4th Cir. 2004)*, the Court of Appeals for the Fourth Circuit quoted the United States Supreme Court when writing, "the normal rule of statutory construction is that if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific." *Id. at 553* (quoting *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot., 474 U.S. 494, 501, 106 S.Ct. 755, 88 L.Ed. 2d 859 (1986))*. See also *The Penn Mutual Life Ins. Co. v. Woodscape L.P. (In re Woodscape L.P.), 134 B.R. 165 (Bankr. D. Md. 1991)*.

In re Mark, 336 B.R. 260 (Bankr. D. Md. 2006). Thus, the legislature's failure to define the phrase "good faith," leads this Court to employ the term "good faith" with the judicial gloss that has developed and evolved in other contexts.

In *Neufeld v. Freeman*, the Fourth Circuit Court of Appeals in the context of determining whether a chapter 13 plan has been proposed in good faith the court states,

> The totality of circumstance must be examined on a case by case basis in determining whether a plan meets the general good faith standard of 11 U.S.C.S. § 1325(a)(3). Factors to be considered include, but are not limited to, the percentage of proposed repayment, the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor. The object of the inquiry is to determine whether or not, considering all militating factors, there has been an abuse of the provisions, purpose, or spirit of Chapter 13 in the proposal or plan.

Neufeld v. Freeman, 794 F.2d 149 (4th Cir. 1986).

Chief Judge Waites of this Court discussed, in an unpublished opinion, the relevant factors in the determination of whether a case was filed in good faith as required by § 362(c)(3)(B) stating,

> The term "good faith" is not defined by the Bankruptcy Code. The Court has previously considered the following nonexclusive list of factors to determine whether a debtor's plan was proposed in good faith: 1) percentage of proposed repayment; 2) debtor's financial situation; 3) the period of time payment will be made; 4) debtor's employment history and prospects; 5) the nature and amount of unsecured claims; 6) debtor's past bankruptcy filings; 7) debtor's honesty in representing facts; 8) the nature of debtor's pre-petition conduct that gave rise to the case; 9) whether the debts would be dischargeable in a Chapter 7 proceeding; and 10) any other unusual or exceptional problems the debtor faces. In re Bridges, C/A 04-12501-W, slip op. at 5 (Bankr. D.S.C. Mar. 29, 2005) (citing Solomon v. Cosby (In re Solomon), 67 F.3d 1128, 1134 (4th Cir. 1995)).
> The Court has also considered the following additional factors in determining whether a debtor's subsequent filing was in good faith: 1) Debtor's past bankruptcy filings, which includes a determination of whether Debtor experienced a change in circumstances warranting another filing; 2) the period of time that elapsed between Debtor's filings; 3) Debtor's pre-petition behavior; and 4) the effect of Debtor's repeated filings on creditors. In re Brown, C/A No. 03-07515-W, slip op. at 4 (Bankr. D.S.C. Sept. 26, 2003). Certainly many of these factors are relevant in determining whether Debtor's case was filed in good faith for purposes of § 362(c)(3)(B) based upon the totality of the circumstances surrounding the filing of the case. In re Bigby, C/A No. 05-45006-W, slip op. at 4 (Bankr. D.S.C. Dec. 7, 2005).

In re Goodwin, C/A No. 05-45110-jw, slip op. (Bankr. D.S.C. Dec. 19, 2005).

The determination of good faith is necessarily fact intensive and must be conducted on a case-by-case basis. The Court should consider the totality of the circumstances including the *Goodwin*[4] factors, evidence of a substantial change in circumstances following previous filed cases, and any other relevant evidence offered by the debtor in making its decision. A change in circumstances, substantial or not, would rarely by itself demonstrate good faith of the current filing.

*Application of the facts*

Mr. Thomas was a debtor in two previous bankruptcy cases, C/A No. 03-3846-JW and C/A No. 04-11465-WB, which were both dismissed for failure to make trustee

---

[4] I adopt these factors for my analysis; however, I do not consider them to be an exhaustive list.

7

payments. However, the latter is the only case of the two that was dismissed and was pending within the one (1) year period preceding the filing of this case fulfilling the requirements of § 362(c)(3)(A). As such, the only previous case relevant to this subsection of the code was dismissed on June 8, 2005 because Debtor failed to make payments in accordance with the confirmed plan. The present case was filed on May 11, 2006. Therefore, pursuant to § 362(c)(3)(A), the automatic stay provided by § 362(a) would terminate on June 10, 2006, the thirtieth (30th) day after Debtor filed his third bankruptcy case (C/A No. 06-1961-DD), unless extended.

Pursuant to § 362(c)(3)(C)(i)(II)(cc), a presumption that Debtor did not file his present bankruptcy case in good faith exists because Debtor's previous case was dismissed for a failure to perform the terms of the plan confirmed by the Court. Since the presumption arises as to all creditors pursuant to subsection (cc) there is no need to further analyze § 362(c)(3)(C).[5] The burden is on the Debtor to demonstrate that his current case was filed in good faith by clear and convincing evidence. 11 U.S.C. §362(c)(3)(C).

The Debtor has filed three (3) bankruptcy cases in a relatively short period of time. This factor weighs against Debtor. The Debtor has little unsecured debt and is subject to a judgment lien, all of which may be dischargeable in a chapter 7. His efforts in the present chapter 13 case are directed at saving his home and three (3) older model vehicles. Otherwise his means are modest.

The Debtor has obtained new employment since his prior case. He is earning a higher gross income and his net available income has increased. The proposed plan in the present case is in keeping with the scheduled available income. The Debtor's

---

[5] The presumption also arises pursuant to § 362(c)(3)(C)(ii) as to secured creditor Homecomings Financial Network ("HFN") because prior to dismissal of the previous case HFN was granted relief from stay after Debtor defaulted on a settlement order.

8

unrebutted testimony is that his previous case failed when his former employer failed to remit plan payments withheld through payroll deductions to the Trustee. The Debtor was subject to a wage withholding order in the prior case and the Trustee did not receive payments from the employer. Although the Debtor failed to present documentary evidence of wage withholding in the form of wage statements, his testimony was credible and believable.

The Debtor was forthcoming and credible in his testimony. Although he did not fully understand all the nuances of his financial situation, the Debtor, with aid of counsel, presented a coherent story and a plan for dealing with his financial problems.

The Debtor has little in the way of unsecured debt that would be discharged in a chapter 7 case. The Debtor consented to the resuming of a pay order, despite the previous problems, understanding that his chance for success would be greater with it. The Debtor has more stable employment, and is not relying on second jobs, as in the prior cases. The Debtor testified that his prospect of continued employment is good. Finally the Debtor testified that he had delayed between the filing of the second and third cases in an effort to work with his home loan lender and that he had tendered monthly payments on his mortgage in the interim.

An examination of the totality of the circumstances is not an act of counting factors for and against a proposition, but requires a careful weighing of the evidence. Given the totality of the circumstances in this case, the Court finds that Debtor filed this case in good faith.[6] Where the Debtor establishes good faith in the present filing, the

---

[6] The Court's findings are limited to the context of the Motion and nothing in this Order shall be construed as *res judicata* to prevent Debtor, the trustee, or a party in interest from challenging or establishing that this case or a plan was filed or proposed in good faith for purposes of § 1307 or § 1325. See In re Charles, 332 B.R. 538, 542 (Bankr. S.D. Tex. 2005) (holding that Congress, by enacting § 362(c)(3), intended the Courts to conduct an early triage of a case and determine whether a case is doomed to fail or whether a case has a reasonable likelihood of success).

Court has discretion to extend the stay if sufficient equitable factors exist to justify the exercise discretion in favor of the Debtor.  <u>In re Charles</u>, 332 B.R. 538, 2005 WL 2897462 (Bankr. S.D. Tex.).  It appears to me that sufficient factors exist.

As previously ordered, the automatic stay is extended as to all creditors pursuant to § 362(c)(3)(B).  As a condition of extending the stay, it is ordered that should this case be dismissed for any reason, dismissal shall be with prejudice for a period of one-hundred and eighty (180) days as to any subsequent filing by Debtor under any Chapter of the Bankruptcy Code.

**AND IT IS SO ORDERED.**

Columbia, South Carolina,
June 27, 2006